UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TERRI L. VESTAL, | Civ. No. 6:12-CV-01671-TC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION |
| MEDIC FIRST AID INTERNATIONAL, INC., an Oregon Corporation, aka AMERICAN SAFETY AND HEALTH INSTITUTE, INC., | |
| Defendant. | |

COFFIN, Magistrate Judge:

Believing that her then-employer defendant Medic First Aid International discriminated against her on the basis of her religion and gender, plaintiff Terri L. Vestal filed complaints with Oregon Bureau of Labor and Industries (BOLI) and the Equal Employment Opportunity Commission (EEOC). Both BOLI and the EEOC declined to further investigate Vestal's complaints and issued her 90-day-right-to-sue letters. The EEOC right-to-sue-letter was dated June 13, 2012. According to Vestal, she received the right to sue letter "at least five days after June 13, 2012." (#13 at 2).

Page 1 - FINDINGS AND RECOMMENDATION

Vestal subsequently filed an action in this court. On September 14, 2012, she attempted to file a complaint against Medic using the District of Oregon's Case Management and Electronic Case File System (CM/ECF). A review of the docket reveals, however, that Vestal uploaded a completely unrelated complaint, which named different parties and different facts. (#1)[1] Three days later, on Monday, September 17, 2012, Vestal filed what she described as a "supplemental" three page complaint which named the correct parties (Vestal and Medic) and facts related to her claim. (#2).

On November 15, 2012, Vestal filed a second amended complaint alleging a Title VII claim and a state law intentional infliction of emotional distress claim. On November 19, 2012, Vestal served Medic. The packet of service documents included the "supplemental" complaint filed on September 17, 2012 and a copy of the Notice of Electronic Filing from the initial September 14, 2012 filing.

Currently before me is Medic's motion for summary judgment on the Title VII claim on the grounds that this claim is time barred because Vestal filed it after the ninety-day statute of limitations had run. I held oral argument on this motion on January 28, 2013, and for the reasons set forth below, I recommend that this court grant the motion and that the remaining state law claim be dismissed without prejudice.

### **Legal Standard**

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby,

---

[1] Stefanie Brosemer v. Willamette Family, Inc.

Page 2 - FINDINGS AND RECOMMENDATION

Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

## Discussion

### A. Title VII Claim

Vestal argues that this court should deny the partial summary judgment motion due to Medic's failure to comply with LR 7-1 and confer with her prior to filing this motion. While I expect the parties to follow the Local Rules in any future filings, I decline to deny the motion on

these grounds as it is in the interest of justice to move forward at this point. LR 1-4.

It is well settled that a claimant has ninety-days plus three days for mailing from issuance of an EEOC right-to-sue letter to file a claim in federal court. 42 U.S.C. § 2000e–5(f)(1); Payan v. Aramark Mgmt. Servs., Ltd., 495 F.3d 1119, 125-126 (9th Cir. 2007) (noting when the date of receipt of the letter is unknown, this Circuit has applied the rebuttable presumption that the claimant received the letter three days from the date of issuance). The ninety-day period is a statute of limitations beyond which the action is time-barred. Scholar v. Pacific Bell, 963 F.2d 264, 266-67 (9th Cir. 1992). The date of receipt corresponds to when the right-to-sue letter was delivered and not when the claimant actually received it. Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 384 (9th Cir. 1997); see also, Edman v. Exxon Mobile Corp., 113 F.App'x 745, 746 (9th Cir. 2004) (holding that the statute of limitations began running when the right-to sue letter was delivered at the claimant's post office box and not when he physically retrieved it).

Here, the EEOC letter is dated June 13, 2012. Ninety days plus three days for mailing means that Vestal's 90-day statute of limitations expired on September 14, 2012. Vestal argues that there is a genuine issue of fact regarding when she received the right-to-sue letter, or alternatively, that her action was timely commenced based on her initial attempt to file suit on September 14, 2012. I find these arguments unpersuasive.

As the rule set forth in Nelmida states, Vestal had 90 days from the time the right-to-sue letter was delivered to her post office box to file suit. Medic argues that Vestal has failed to provide evidence to rebut the presumption that the letter arrived three days following the date of issuance and I agree. In support, Medic relies on Payan v. Aramark, 495 F.3d at 1126. In Payan, the plaintiff suggested that the mail could have been delayed, as that had happened in the past. Id. at 1127. The

Page 4 - FINDINGS AND RECOMMENDATION

court of appeals found her testimony was "unsupported conjecture" and insufficient to rebut the three-day presumption. Id.

Here, Vestal testified that she "did not have an exact recollection" of the date that she received her right-to-sue letter, but that it must have been at least five days after June 13, 2012. (#13). She fails to provide any evidence of when the right-to-sue letter arrived at her post office box in Veneta. Absent clear evidence to the contrary, I apply the rule that this Circuit has adopted and find that Vestal received the letter on June 16, 2012.

Moreover, I am not persuaded by Vestal's argument that she initiated this claim on September 14, 2012, within the 90-day statute of limitations. The Federal Rules of Civil Procedure provide clear guidelines for the commencement of a suit in federal court. The applicable rule, Rule 3, states that an "action is commenced by filing a complaint with the court," further, Rule 8 clearly requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief...and a demand for the relief sought." Fed. R. Civ. P. 8.

While Vestal may have attempted to file suit on September 14, 2012, she did not initiate this suit. The complaint she filed named the wrong parties, entirely different facts, and different claims for relief. I cannot find that her initial filing, utterly unrelated to the case at hand, commenced this suit on September 14, 2012. Rather, I find that the present suit commenced on September 17, 2012 when Vestal filed her first amended complaint (which she titled "supplemental complaint) (# 2), which named the correct parties and facts related to her claim.

Rule 15 of the Federal Rules provides that an amended pleading may relate back to the date of the original pleading when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1(b).

Claims arise out of the same conduct, transaction, or occurrence if they "share a common core of operative facts." Martell v. Trilogy Ltd., 872 F.2d 322, 325-26 (9th Cir.1989). Even under the most liberal interpretation of Rule 15, however, Vestal's supplemental complaint from September 17 could not relate back to a complaint that failed to correctly name either party or describe their conduct. The two complaints share no "common core of operative facts." Consequently, I find that Vestal filed suit against Medic on September 17, 2012, when the action was already time-barred.

## II. Remand

The federal courts are courts of limited jurisdiction. As Vestal's Title VII claim and her state claim of intentional infliction of emotional distress stem from the same common nucleus of operative facts, this court has supplemental jurisdiction over the state claim. 28 U.S.C. § 1367(c). However, as I have recommended granting Medic's motion for summary judgement of the Title VII claim, this court, in its discretion, may choose to exercise supplemental jurisdiction over the state law claim. See Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir.1996)(finding where the federal claims were decided prior to trial, "the balance of factors will point toward declining to exercise jurisdiction over the remaining state law claims"). Deciding the remaining state law claims in this court will not serve the interests of judicial economy, convenience, fairness, or comity to have this court decide the remaining issue of state law. Consequently, I recommend that this court dismiss Vestal's intentional infliction of emotional distress claim without prejudice.

## Conclusion

I recommend that this court grant Medic's motion for partial summary judgment on Vestal's Title VII claim. I further recommend that this court dismiss Vestal's intentional infliction of emotional distress claim without prejudice.

Page 6 - FINDINGS AND RECOMMENDATION

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this \_\_1\_\_ day of ~~January~~ Feb 2013.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 7 - FINDINGS AND RECOMMENDATION